# FINN *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

Submitted October 17, 1887. — Decided October 31, 1887.

It is a condition or qualification of the right to a judgment against the United States in the Court of Claims, that the claimant, when not laboring under one of the disabilities named in the statute, voluntarily put his claim in suit, or present it at the proper department for settlement, within six years after suit could be commenced thereon against the United States.

The general rule that limitation does not operate by its own force as a bar, but is a defence which must be set up, to be availed of, does not apply to suits in the Court of Claims against the United States; and it is the duty of that court to dismiss the petition of its own motion, when it appears that the claim is barred, although the statute may not have been pleaded.

The following is the case, as stated by the court.

The plaintiff seeks judgment in this case against the United

States for the sum of $15,678 as the value of certain horses and mules which he claims to have purchased for, and delivered to, the United States, at their special instance and request, on or about October 14, 1863. He also asks interest from that date, on said sum, at the rate of six per cent per annum, until his demand is paid. The claim was never presented to any executive department of the Government until July 3, 1874, on which day it was filed in the office of the Quartermaster General. That officer decided adversely to it, and transmitted it to the accounting officers of the Treasury. It was disallowed by the Third Auditor of the Treasury, June 14, 1879, and in that ruling the Second Comptroller concurred. But on the 20th of July, 1886, the Second Comptroller ordered the case to be opened for newly discovered evidence produced by the claimant; and, on the 13th of August, 1886, the claim, with all the vouchers, papers, proofs, and documents pertaining thereto, was transmitted by the Secretary of the Treasury to the Court of Claims, under § 1063 of the Revised Statutes. The petition in the present suit was filed in that court on the 13th of October, 1886; and, after a hearing upon the merits, it was dismissed.

The Government contends here that the judgment should be affirmed, because it appears that the claim was not put in suit by the voluntary action of the claimant, within six years after it first accrued, nor presented at the proper department within six years after suit could have been commenced thereon in the Court of Claims.

The act of February 24, 1855, establishing the Court of Claims, invested it with authority to " hear and determine all claims founded upon any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, which may be suggested to it by a petition filed therein; and also all claims which may be referred to said court by either house of Congress." 10 Stat. 612, § 1. This act did not authorize judgment to be entered against the United States, nor fix a period within which parties must assert their claims against the Government. The court was, however, required to report to Con-

gress the cases upon which it acted, stating the material facts established by the evidence, with its opinion thereon. § 7.

But the act of March 3, 1863, 12 Stat. 765, enlarged the jurisdiction of the court, and, among other things, provided for an appeal from its final judgment, in certain cases, to this court, and " that in all cases of final judgments by said court, or on appeal by the said Supreme Court, where the same shall be affirmed in favor of the claimant, the sum due thereby shall be paid out of any general appropriation made by law for the payment and satisfaction of private claims, on presentation to the Secretary of the Treasury of a copy of said judgment," &c.   The 10th section of that act is in these words : " Sec. 10. That every claim against the United States, cognizable by the Court of Claims, shall be forever barred, unless the petition setting forth a statement of the claim be filed in the court, or transmitted to it under the provisions of this act, within six years after the claim first accrues : *Provided,* That claims which have accrued six years before the passage of this act shall not be barred if the petition be filed in the court, or transmitted as aforesaid, within three years after the passage of this act : *And provided further,* That the claims of married women first accrued during marriage, of persons under the age of twenty-one years first accruing during minority, and of idiots, lunatics, insane persons, and persons beyond seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court, or transmitted, as aforesaid, within three years after the disability has ceased ; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively." Rev. Stat. § 1069.

By an act of Congress, approved June 25, 1868, 15 Stat. 75, 76, it was made lawful " for the head of any executive department, whenever any claim is made upon said department involving disputed facts or controverted questions of law, where the amount in controversy exceeds three thousand dollars, or where the decision will affect a class of cases or furnish a precedent for the future action of any executive department in the adjustment of a class of cases, without regard to the

amount involved in the particular case, or when any authority, right, privilege, or exemption is claimed or denied under the Constitution of the United States, to cause such claim, with all the vouchers, papers, proofs, and documents pertaining thereto, to be transmitted to the Court of Claims, and the same shall be there proceeded in as if originally commenced by the voluntary action of the claimant. And the Secretary of the Treasury may, upon the certificate of any auditor or comptroller of the Treasury, direct any account, matter, or claim of the character, amount, or class described or limited in this section to be transmitted, with all the vouchers, papers, documents, and proofs pertaining thereto, to the said Court of Claims, for trial and adjudication : *Provided, however*, That no case shall be referred by any head of a department unless it belongs to one of the several classes of cases to which, by reason of the subject-matter and character, the said Court of Claims might, under existing laws, take jurisdiction, on such voluntary action of the claimant. And all the cases mentioned in this section, which shall be transmitted by the head of any executive department, or upon the certificate of any auditor or comptroller, shall be proceeded in as other cases pending in said court, and shall, in all respects, be subject to the same rules and regulations ; and appeals from the final judgments or decrees of said court therein to the Supreme Court of the United States, shall be allowed in the manner now provided by law. The amount of the final judgments or decrees in such cases so transmitted to said court, where rendered in favor of the claimants, shall in all cases be paid out of any specific appropriation applicable to the same, if any such there be ; and where no such appropriation exists, the same shall be paid in the same manner as other judgments of said court." Rev. Stat. §§ 1063, 1064, 1065.

All these statutory provisions are carried, with but slight change of words, into c. 21 of Title 13 of the Revised Statutes.

*Mr. Thomas C. Fletcher* for appellant.

*Mr. Solicitor General* and *Mr. Heber J. May* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

In *United States* v. *Lippitt,* 100 U. S. 663, 668, 669, it was held tha. "limitation is not pleadable in the Court of Claims against a claim cognizable therein, and which has been referred by the head of an executive department for its judicial determination, provided such claim was presented for settlement at the proper department within six years after it first accrued; that is, within six years after suit could be commenced thereon against the Government. Where the claim is of such a character that it may be allowed and settled by an executive department, or may, in the discretion of the head of such department, be referred to the Court of Claims for final determination, the filing of the petition should relate back to the date when it was first presented at the department for allowance and settlement. In such cases the statement of the facts upon which the claim rests, in the form of a petition, is only another mode of asserting the same demand which had previously, and in due time, been presented at the proper department for settlement." "These views," the court said, "find support in the fact that the act of 1868 describes claims presented at an executive department for settlement, and which belong to the classes specified in its seventh section as *cases* which may be transmitted to the Court of Claims. 'And all the *cases* mentioned in this section, which shall be transmitted by the head of an executive department or upon the certificate of any auditor or comptroller, shall be *proceeded* in as other cases pending in said court, and shall, in all respects, be subject to the same rules and regulations,' with right of appeal. The cases thus transmitted for judicial determination are, in the sense of the act, commenced against the Government when the claim is originally presented at the department for examination and settlement. Upon their transfer to the Court of Claims, they are to be 'proceeded in as other cases pending in said court.'" See, also, *Ford* v. *United States,* 116 U. S. 213; *United States* v. *McDougall's Administrator,* 121 U. S. 89.

We are of opinion that the claim here in suit — although

by reason of its character "cognizable by the Court of Claims" — cannot properly be made the basis of a judgment in that court. As the United States are not liable to be sued, except with their consent, it was competent for Congress to limit their liability, in that respect, to specified causes of action, brought within a prescribed period. *Nichols* v. *United States*, 7 Wall. 122, 126. It appears from the finding of facts that more than ten years had expired after the claim first accrued before it was presented to the proper department for settlement; and more than six years after the passage of the act of 1868, Rev. Stat. §§ 1063, 1064, which authorized the head of an executive department to transmit to the Court of Claims, for adjudication, any claim which involved disputed facts or controverted questions of law, or the decision of which would affect a class of cases, or furnish a precedent for future action. Consequently, in any view, this claim belonged to the class which, under the express words of the act of 1863, Rev. Stat. § 1069, were "forever barred," so far, at least, as the claimant had the right to a judgment in that court against the United States. The duty of the court, under such circumstances, whether limitation was pleaded or not, was to dismiss the petition; for the statute, in our opinion, makes it a condition or qualification of the right to a judgment against the United States that — except where the claimant labors under some one of the disabilities specified in the statute — the claim must be put in suit by the voluntary action of the claimant, or be presented to the proper department for settlement, within six years after suit could be commenced thereon against the Government. Under the appellant's theory of the case, the Second Comptroller could open the case twenty years hence, and, upon the claim being transmitted by the Secretary of the Treasury to the Court of Claims, that court could give judgment upon it against the United States. We do not assent to any such interpretation of the statutes defining the powers of that court.

The general rule that limitation does not operate by its own force as a bar, but is a defence, and that the party making such a defence must plead the statute if he wishes the benefit

of its provisions, has no application to suits in the Court of Claims against the United States. An individual may waive such a defence, either expressly or by failing to plead the statute; but the Government has not expressly or by implication conferred authority upon any of its officers to waive the limitation imposed by statute upon suits against the United States in the Court of Claims. Since the Government is not liable to be sued, as of right, by any claimant, and since it has assented to a judgment being rendered against it only in certain classes of cases, brought within a prescribed period after the cause of action accrued, a judgment in the Court of Claims for the amount of a claim which the record or evidence shows to be barred by the statute, would be erroneous.

The judgment is

*Affirmed.*