Dayis, J.,
delivered the opinion of the court:
The head of an Executive Department is, by section 1063 of the Revised Statutes, authorized, under certain limitations, to transmit claims to this court for adjudication. This provision is broad in its terms, but provides that the cases enumerated shall belong “ to one of the several classes of cases which, by reason of the subject-matter and character, the said court under existing laws takes jurisdiction of on such voluntary action of the claimant.” This section has been analyzed and interpreted by the Supreme Court and by this court upon several occasions. In Finn’s Case (123 U. S. R., 227) the Supreme Court said:
“The statute, in our opinion, makes it a condition or qualification of the right to a judgment against the United States that — except where the claimant labors under some one of the disabilities specified in the statute — the claim must be put in suit by the voluntary action of the claimant, or be presented to the proper Department for settlement within six years after suit could be commenced thereon against the Covernment.”
In Lippitt’s Case (100 U. S. R., 663) the same court said that limitation is not pleadable against a claim cognizable here—
“ which has been referred by the head of an Executive Department for its judicial determination, provided such claim was presented for settlement at the proper Department within six years after it first accrued. * * * Where the claim is of such a character that it may be allowed and settled by an Executive Department, or may, in the discretion of the head of such Department, be referred to the Court of Claims for fiual determination, the filing of the petition should relate back to the date when it was first presented at the Department for allowance and settlement.”
*331 From these decisions it results that a claim reaching this court by virtue of the provision of section 1063, Revised Statutes, must be shown to have been presented to the proper Department within six years after the cause of action accrued; that is, it must have been presented not simply to an Executive Department, but to ‘‘the proper” Executive Department, the Department where “ it may be allowed and settled; ” failing this, the case falls within the bar of the statute of limitations.
The railroad company, plaintiffs herein, did present their claim to the Department of War promptly after the events through which they suffered loss. In due course it was ruled upon adversely by the Quartermaster-General, but no action of any kind in regard to it has been taken since by the Secretary of War, the head of the Department; he has not ruled favorably or unfavorably upon the case, and he has not transmitted the claim to this court. Plaintiffs, after constant and unsuccessful effort to obtain compensation through the Quartermaster-General and Congress, made application to the Treasury Department for payment. This was done twenty-four years and more after the loss; after long.examination in that Department the Secretary of the Treasury transmits the claim to this court upon the certificate of the Second Comptroller. The Secretary of War did not refer the claim to the Treasury Department, and if the Treasury was the proper Executive Department to “allow and settle” the claim, it came there much too late, and is now barred here by the statute of limitations. The correspondence between the Third Auditor and the Quartermaster-General did not operate as a transfer of the claim from the War Department to the Treasury, for even if the Quartermaster-General had jurisdiction and had power to transfer it, he indicated no intention to do so, but simply complied with the Auditor’s request to furnish information.
There is no connection between the presentation to the War Department and the later presentation to the Treasury, and plaintiff's can not in the Treasury proceeding avail himself of the presentation to the War Department. To have the presentation to the War Department avail in this action the claim should have gone to the Treasury from that Department, thus completing a chain of proceedings through which the petition here can be traced back to the first filing of the claim. The statute and the Supreme Court recognize the differing *332 jurisdictions of the principal executive offices by the use of the words “ proper Department.” Whether the Secretary of War can or can not transmit the claim here at this time, and whether it would then be found to be within the bar of the statute of limitations, are questions upon which we need not now express an opinion.
Petition dismissed.