*243 memorandum by the court.
The statute requires actions to be brought in the Court of Claims within six years from the time the right of action accrues, and the filing of the petition within the prescribed time is essential to the court’s jurisdiction. See Firm case, 123 U. S. 227, 232. The claim is for pay and allowances of an Army officer and must have accrued at and before the date of his resignation and discharge from the Army in January, 1861. The joint resolution of 1867 (Rev. Stat. *244 3480) suspended payments and was repealed so far as affects this claim by the act of July 6, 1914, 38' Stat. 454. The statute of limitations began to run prior to 1867 (Kendall case, 107 TJ. S. 123), and if the period between the acts of 1867 and 1914 be eliminated upon the theory that the right of action was suspended during such period (as to which no opinion is expressed), it yet appears that more than six years elapsed within which an action could have been brought, because six years, saving a very few days elapsed after the act of July 6, 1914, before the action was instituted in this court on July 3, 1920, and this period, added to the time in which suit could have been brought prior to the act of 1867, makes more than six years. The contention that the claim is founded upon the act of July 6, 1914, can not be upheld. This act did not create a new cause of action, but was sufficient to enable the accounting officers to proceed in proper cases, and they are not controlled by the statute of limitations. The claim is based upon statutes in existence during the lifetime of the officer concerned. Because of the bar of the statute of limitations we may not pass upon the merits of the claim, and the petition is dismissed for want of jurisdiction. It would seem that if the accounting officers adhere to their conclusion the plaintiff’s remedy is in Congress.