Campbell, Chief Justice,
delivered the opinion of the court:
The averment of the amended petition is that the plaintiff was coerced into paying the sum of $80,938.02 as excess profits upon transactions in wool, and that this amount was paid December 26, 1919. The original petition was filed December 21, 1926, more than six years after the alleged wrong and consequent payment. The claim, if any existed, is barred by the statute of limitations of six years applicable to claims asserted in the Court of Claims, and that statute is jurisdictional. See Finn case, 123 U. S. 227; Wardwell case, 172 U. S. 48, 52. Another reason urged by the Government is that if the payment complained of was made because of duress and the wrongful acts of Government officials, the action would sound in tort and would be, therefore, beyond the jurisdiction of this court. The case alleged can not be differentiated in principle from that of United States v. Holland-America Lijn, 254 U. S. 148, wherein it is said (p. 153) :
“We think that the statement of the substance of the petitioner’s' claim, as above set forth, shows that it rested upon payments alleged to have been made under duress because of the wrongful and tortious ae,ts of officials of the United States Government, acting without authority of law in coercing the plaintiff to pay the sums demanded. In many decisions of this court it has been held that by the provisions of the Tucker Act the Government did not subject itself to liability for the torts or wrongful acts of its officers.”
Being without jurisdiction under either of the pilases stated it only remains for the court to dismiss the petition. Ex parte McCardle, 7 Wall. 506, 515, where the Chief Justice says that “ judicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which the Constitution and the laws confer.”
Moss, Jud.ge; Hay, Judge; and Booth, Judge, concur.
Graham, Judge, took no part in the decision of this case.