## KNICKERBOCKER FUEL CO. v. MELLON, Director General of Railroads, etc.

Circuit Court of Appeals, Second Circuit. November 14, 1927.

No. 54.

1. Railroads ⬤5½(40)—Claim for demurrage paid Director General is one against United States.

Claim for demurrage, collected by the Director General of Railroads and paid to him by claimant, is one against the United States.

2. Railroads ⬤5½(44)—Limitation of action against agent of President held not "statute of limitations," and is not tolled by mistake (Transportation Act 1920, § 206 [a], being 49 USCA § 74 [a]).

Transportation Act 1920, § 206(a), being 49 USCA § 74(a), Comp. St. § 10071¼cc(a), authorizing an action against Agent of the President within a certain time, constituting the only consent given by the United States to suits against itself arising from federal control after passage of the act, is strictly confined to its language, and does not, properly speaking, constitute a "statute of limitations," so that mutual mistake does not toll its operation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Limitation of Actions.]

In Error to the District Court of the United States for the Southern District of New York.

Action by the Knickerbocker Fuel Company against Andrew W. Mellon, Director General of Railroads, as Agent. To review a judgment of dismissal (18 F.[2d] 128), plaintiff brings error. Affirmed.

Writ of error to the District Court for the Southern District of New York upon a judgment dismissing a complaint in an action at law.

The complaint was to recover demurrage paid under a mistake to the Director General of Railroads, as agent, on October 15, 1920. The defendant argued that the suit, which was brought on August 16, 1926, was too late under section 206(a) of the Transportation Act of 1920 (49 USCA § 74[a]; Comp. St. § 10071¼cc[a]). The plaintiff replied that the mistake had not been discovered until April 5, 1926, and that the statute was tolled meanwhile.

Poore & Webster, of New York City (John G. Poore, of New York City, of counsel), for plaintiff in error.

Cravath, Henderson & De Gersdorff, of New York City (Clifton E. Cooper and Bruce Bromley, both of New York City, of counsel), for defendant in error.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. [1, 2] The question seems to us answered by Dupont De Nemours v. Davis, 264 U. S. 456, 44 S. Ct. 364, 68 L. Ed. 788, and Davis v. Cohen & Co., 268 U. S. 638, 45 S. Ct. 633, 69 L. Ed. 1129. The first case held that a claim by the Director General for demurrage was a claim in the right of the United States, and was barred by no statute of limitations. It cannot be true at once that a claim for demurrage is in the right of the United States, and a claim for the repayment of such demurrage is not against the United States. The second case, Davis v. Cohen, held that section 206(a) of the Transportation Act (49 USCA § 74[a]; Comp. St. § 10071¼cc[a]) constituted the only consent given by the United States to suits against itself arising from federal control after February 28, 1920. If so, the section is not, properly speaking, a statute of limitations at all, and mutual mistake does not toll its operation. Such statutes are strictly confined to their language, Finn v. U. S., 123 U. S. 227, 232, 233, 8 S. Ct. 82, 31 L. Ed. 128; Schillinger v. U. S., 155 U. S.

163, 166, 15 S. Ct. 85, 39 L. Ed. 108; U. S. ex rel. Rauch v. Davis, 56 App. D. C. 46, 8 F.(2d) 907. Congress meant final liquidation of the accounts to take place "as soon as practicable" (section 202 [49 USCA § 72; Comp. St. § 10071¼b]), and to load the scales against all, however blameless, who failed to get beneath the wire.

The motion to dismiss should have been granted; it is unnecessary to discuss the merits.

Judgment affirmed.