## BEMIS BROS. BAG CO. v. UNITED STATES.
### No. 8451.

District Court, E. D. Missouri, E. D.

Sept. 23, 1931.

On Motion for New Trial Dec. 5, 1931.

408

Spencer M. Thomas and Lowenhaupt & Waite, all of St. Louis, Mo., for plaintiff.

L. H. Breuer, U. S. Atty., of Rolla, Mo., and C. M. Crooks, Asst. U. S. Atty., of St. Louis, Mo.

FARIS, District Judge.

This is an action brought by plaintiff to recover from the defendant a certain sum of money alleged to have been overpaid on taxes. The collector involved being out of office, the suit was brought directly against the United States of America.

The case was submitted on an agreed statement of facts, wherein the single question up for judgment was agreed to be whether plaintiff, in its application for a refund (or ever, before the statute of limitations ran), stated the *facts* or *grounds* upon which it bottomed its right to a refund. Much controversy is waged over whether the facts or the grounds are to be stated. The statute relied on seems to use the word *facts* as the things which must be stated in such an application; while the courts (perhaps deeming the words, in a way, synonymous) rather uniformly use the word *grounds,* as the things which must be set up as a condition precedent to relief.

Plaintiff first specifically asked for a special assessment as the ground for a reduction of the taxes for the year 1918 and 1919. This was finally refused. After the statute of limitations ran against plaintiff, it contended, and now contends, that the value of certain materials in its printing plant, long on hand and used by it, should have been added to capital, and which value when added would have reduced its taxes for the years 1918 and 1919 by something like $23,000 for which, in this action, it prays judgment.

▊ Plaintiff further contends that, even if the genus special assessment does not include the species addition to capital on account of printing material, yet the Commissioner of Internal Revenue waived the point by an examination of the facts in 1926.

True it seems to be that the commissioner about the time stated reached the conclusion that had this printing material been added to invested capital it would so far have increased the latter as that the taxes exacted for 1918 and 1919 would have been decreased by the amount set out in the stipulation, namely, $23,000. Having reached this conclusion, however, the commissioner then denied the claim on the ground that the statute of limitations had run prior to the time at which the present claim was made, as now made.

I take leave to doubt if any ordinary officer of the government may waive the statute of limitations so as to render the government liable (Finn v. United States, 123 U. S. 227, 8 S. Ct. 82, 31 L. Ed. 128; Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253) or bring about by action or inaction a state of facts which would toll the statute of limitations. The case of Tucker v. Alexander, supra, was a case wherein the waiver enforced by the court was made before the statute ran, not afterwards, as here. I think there was no waiver here. What in effect the commissioner did was to ascertain how much plaintiff would be entitled to if it did sue. The information has its use here in this action, at any rate.

▊▊ The *facts* or *grounds* stated by plaintiff in its application for a refund are that, "The excess profits tax and the war profits tax against this Company for the year 1918 should be assessed under the provisions of sections 327 and 328 of the Revenue Act of 1918" (40 Stat. 1093).

It is contended, however, that an examination and audit of plaintiff's books would have shown the fact of the existence of the printing materials, and thereupon, under the law, it would have been the duty of the commissioner to add this item to invested capital. Obviously, the facts or grounds above recited give no hint of this present contention. Whether the statute means facts, as it says, or grounds, as the courts say, I think it clear that it means more than to say, as the contention of plaintiff in effect is, that "facts should be stated in such wise that other facts being deduced, or found on investigation, relief may be accorded." Especially would this seem so in the light of the fact that it has been said that "meticulous compliance by the taxpayer with the prescribed conditions must appear before he can recover." Maas & Waldstein Company v. United States, 283 U. S. 583, 51 S. Ct. 606, 608, 75 L. Ed. 1285; Lucas v. Pilliod Lumber Company, 281 U. S. 249, 50 S. Ct. 297, 74 L. Ed. 829, 67 A. L. R. 1350.

It would have been easy to say that the ground of relief was that invested capital should have been, but was not, increased by the addition of the value or worth of printing material on hand and owned.

I do not think the facts set out in the application fairly embrace the facts now relied on; hence, the judgment will be for defendant, that it go hence and recover its costs.

### On Motion for New Trial.

Motion for new trial in this case will be overruled. On account of the insistence of counsel (of the sincerity of which the court is thoroughly convinced), and because counsel were so seriously insistent, I have given much time and trouble to a consideration of the motion for a rehearing.

The questions involved are very nice, close, and difficult ones. There is, of course, as always, a chance that the court was in error.

After many days' examination of all of the authorities that counsel called my attention to, and that I was able to find by my own investigations, I have reached the conclusion that the motion ought to be overruled, which is accordingly ordered.