## CARPENTER v. UNITED STATES.
### No. 224.

Circuit Court of Appeals, Second Circuit.
March 7, 1932.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Justin C. Morgan, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Frank F. Williams, of Buffalo, N. Y., for plaintiff-appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was brought in 1929 against the United States under the Tucker Act, Jud. Code § 24 (20), 28 USCA § 41 (20), to recover the damages the plaintiff claimed to have sustained because the defendant built a fence in 1914 along the street line in front of a portion of the property she now owns. The government replaced a bridge across the Erie Canal at Ferry street in the city of Buffalo, N. Y., in that year, and the fence was then built as a necessary part of the approach to the new bridge. The plaintiff did not own the adjoining premises at that time, but purchased a one-half interest in 1915 and the remaining one-half in 1923.

We notice the fact that any taking of property occurred before the plaintiff owned it. The liability for damage under this section of the Tucker Act is only upon a contract express or implied. Tempel v. United States, 248 U. S. 121, 39 S. Ct. 56; 63 L. Ed. 162. There was no express contract to pay, and any implied promise would necessarily have been to pay the then owner for the property taken, if any was taken. Nor need we do more than mention the fact that any dam-

age to the property lay wholly in a diminution of the ease of access to and ingress from the street. Whether this was merely indirect and consequential damage for which the government never was liable need not be decided. Compare Gibson v. United States, 166 U. S. 269, 275, 17 S. Ct. 578, 41 L. Ed. 996; Sanguinetti v. United States, 264 U. S. 146, 150, 44 S. Ct. 264, 68 L. Ed. 608.

██ We prefer to make the fact that no suit was brought within six years after the fence was built the decisive feature. There certainly was no taking of property after the fence was constructed. The right to sue created by the statute under which the action was brought contains a time limit of six years, which is a condition upon the right created. Unlike a statute of limitations, it need not be pleaded in defense. Finn v. United States, 123 U. S. 227, 8 S. Ct. 82, 31 L. Ed. 128; Phillips Co. v. Grand Trunk Western R. Co., 236 U. S. 662, 35 S. Ct. 444, 59 L. Ed. 774; Central Vermont Ry. Co. v. White, 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252. The plaintiff therefore had no cause of action against the United States in 1929.

Judgment reversed.