## UNITED STATES v. BODINE et al.

### No. 6716.

### Circuit Court of Appeals, Third Circuit.

### March 2, 1939.

James W. Morris, Asst. Atty. Gen., and Sewall Key, J. L. Monarch, and F. A. Michels, Sp. Assts. to Atty. Gen. (J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., of counsel), for the United States.

Frederick H. Knight, of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for appellees.

Before DAVIS, BIGGS, and BUFFINGTON, Circuit Judges.

DAVIS, Circuit Judge.

This case involves a suit by the plaintiffs, speaking of the parties as they appeared in the District Court, to recover an alleged overpayment of income taxes. The United States makes no defense upon the merits, but contends that the suit was not commenced within the two year period of limitation as required in the Revenue Act of June 6, 1932. 26 U.S.C.A. §§ 1672–1673.

That statute provides that a suit for recovery of an overpayment of income taxes must be begun within "two years from the date of mailing * * * of a notice of the disallowance" of the claim for refund.

In the present case, a writ of summons in assumpsit was issued and served upon the proper agents of the United States within the two year period, but the statement of claim was not filed until almost three years had elapsed.

The District Court, relying upon both the Pennsylvania law and the decision in the case of Mill Creek & Minehill Navigation & R. Co. v. United States, D.C., 246 F. 1013, affirmed 251 U.S. 539, 40 S.Ct 118, 64 L.Ed. 404, held that the action was begun by the issuance and service of the summons.

However, the learned trial Judge did not have the benefit of the recent decision of the Supreme Court in the case of Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633. In that case the Supreme Court held that in order to start a suit under sections 5 and 6 of the Tucker Act, 28 U.S.C.A. §§ 762 and 763, against the United States, the petition or statement of claim must be filed with the Clerk of the District Court, a copy thereof served upon the United States Attorney, and another copy mailed to the Attorney General, within the period of limitation applicable to the type of claim involved. If

this is not done within that period, the suit is not begun in time to toll the statute. Here the period of limitation was two years, but the statement of claim was not filed and served as required until almost three years had elapsed.

Therefore, on the authority of the Munro case, supra, the judgment for the plaintiffs is reversed, and the cause is remanded to the District Court with directions to dismiss the statement of claim and enter judgment for the defendant.