(C. D. 302)

OLAF F. SUNDT *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 18, 1940)

*Philip Stein* for the petitioner.

*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville*, special attorney), for the respondent.

Before Tilson, Kincheloe, and Dallinger, Judges; Dallinger, J., not participating

Tilson, Judge: This is a petition for remission of additional duties, in which counsel for the petitioner contends it was filed in accordance with the provisions of section 489 of the Tariff Act of 1930. Counsel for the Government contends that the petition was not filed in accordance with the provisions of said section, in that it was not filed within the time prescribed by said section. Section 489 of the Tariff Act of 1930, insofar as here pertinent, reads as follows:

* * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except * * * in any case upon the finding of the United States Customs Court, upon *a petition filed at any* time after final appraisement and *before the expiration of sixty days after liquidation* and supported by satisfactory evidence *under such rules as the court may prescribe,* * * *. [Italics ours.]

When this case was called for hearing, counsel for the Government moved to dismiss the same upon the ground that it was not filed before

the expiration of the 60-day period after liquidation, as required by the statute. Counsel for the petitioner opposed this motion and time was allowed for the filing of briefs on this question.

Counsel for the petitioner insists in his brief filed herein that this court has equity jurisdiction and that therefore it has power to grant the relief herein prayed for, even though the petition was not filed within the 60-day period provided by statute. The answer to this contention is that this court derives all its jurisdiction and powers from the statute, and has only such jurisdiction and powers as are granted to it by the statute. *Page & Jones* v. *United States*, 26 C. C. P. A. 124 C. A. D. 5; *James Akeroyd* v. *United States*, 19 C. C. P. A. 249, T. D. 45341.

But, as well stated by counsel for the Government in his brief, even:

Assuming that this court did have equity jurisdiction, the petition would necessarily have to be dismissed for even a court of equity has no jurisdiction to entertain an action that is barred by the statute of limitation.

In accordance with the provisions of said section 489, and in order to create uniformity in the proceedings before it, this court did, on May 29, 1936, adopt and promulgate Rule 29, the pertinent part of which is as follows:

Every such petition shall be addressed to the court, and filed in the office of the clerk in New York City at any time after final appraisement, but within 60 days after liquidation.

Counsel for the petitioner attacks the validity of this rule on the ground that it deprives this litigant of due process of law under section 8 of article I of the Constitution of the United States, and argues therefrom that:

If a rule of court, otherwise reasonable, creates a hardship, whereby it favors one group of litigants over another, due merely to differences in their geographical location or distance from the office of the Clerk of the Court which has nation-wide scope and jurisdiction, then we respectfully maintain, such a rule is discriminatory, unreasonable, arbitrary, and contrary to the intent of Congress and deprives the more distant, and thus, less favored litigants of "due process of law."

This contention by counsel for the petitioner is well answered by counsel for the Government, as follows:

Thus, both the statute and the rule of the Court provided as a condition precedent to the filing of the petition that it *must be filed before the expiration of 60 days after liquidation.* As the petition herein was filed on the 61st day *after liquidation,* this court has no jurisdiction whatever to entertain this action. The permission to file the petition was granted only *upon condition* that it be filed within the sixty-day period. Unless that provision be strictly complied with, the petitioner has no right whatever to bring the proceeding. No party, no attorney, no Government official, and no court in the land can extend that sixty-day period.

The above statement finds ample support and confirmation in the *Akeroyd* case, *supra,* from which the following is quoted:

Having held that a protest filed after the time permitted by law is a nullity, and that the lower court could gain no jurisdiction therefrom, it follows that there could be no waiver of the question of jurisdiction of the lower court. Even had the Assistant Attorney General expressly stipulated that the Government waived the question of jurisdiction, the lower court could not have entertained the proceeding when lack of jurisdiction appeared upon the face of the record because Congress has never conferred upon the lower court jurisdiction of a case where the protest is filed too late, and has not, either expressly or by implication, conferred authority upon any of the officers of the Government to waive the limitation imposed by the statute.

Had it been the intention of the Congress to provide by section 489 of the Tariff Act of 1930 that all petitions for the remission of additional duties should be filed with the various collectors of customs throughout the United States, rather than with the clerk of the United States Customs Court at New York, N. Y., undoubtedly it would have so provided, by the use of similar language to that found in section 514 of said act, with reference to protests. Not having named any specific place where petitions for remission of additional duties must be filed, as it did with reference to protests in said section 514, it is clear that the Congress intended to leave to the United States Customs Court the duty of providing where such petitions should be filed. This duty the court has performed by writing said Rule 29, providing that such petitions should be filed with the clerk of the court in New York, N. Y.

The requirement in said section 514 that protests should be filed with the collector of customs is quite understandable, because in the case of a protest the collector is required to review his original decision, and if after having done so he is convinced of the correctness of the claim made in the protest and also of any error made in his original decision, he may reliquidate the entry curing his error and meeting the claims of the protest, and thus end all litigation.

The situation with reference to a petition is quite different. Once there have been additional duties assessed for undervaluation of merchandise neither the collector nor any other customs official has any power to review any decision that has been made by them, or to grant the aggrieved party any relief of any kind. Whether or not this fact in any way influenced the Congress in not providing that petitions should be filed with the various collectors throughout the United States can have no bearing on the question here presented. The fact remains that it made no such provision, and the rule of this court requiring that petitions be filed in the office of the clerk at New York appears to be in strict accordance with the provisions of said section 489. We find nothing in said rule which in any way indicates that the same is discriminatory, unreasonable, arbitrary, or contrary to the intent of Congress. On the contrary said rule does not appear to be discriminatory; it does not appear to be unreasonable; it does not

appear to be arbitrary, nor does it appear to be contrary to the intent of Congress, but it does appear that said rule is squarely within the intent as well as the letter of said statute, and in furtherance of the intent therein expressed.

If, as contended by counsel for the petitioner, the rule requiring petitions to be filed in the office of the clerk of the Customs Court at New York is discriminatory, unreasonable, and arbitrary, then it would appear that the Congress was discriminatory, unreasonable, and arbitrary in enacting section 514, for it was undoubtedly aware that all protestants did not live the same distance from the customhouse; that some might live only two or three blocks from the customhouse, while others might live as far distant as one hundred or two hundred miles. This would appear to be true with reference to the filing of papers by any litigant in any court throughout the United States.

The case of *John Finn* v. *United States*, 123 U. S. 227, 31 L. Ed. 128, is quite applicable to the facts in this case. The material part of the statute involved in the *Finn* case, *supra*, reads as follows:

That every claim against the United States, cognizable by the Court of Claims, shall be forever barred, unless the petition setting forth a statement of the claim be filed in the court, or transmitted to it under the provisions of this Act, within six years after the claim first accrues.

In that case the claim was not brought in the Court of Claims within the time prescribed by the statute, and the same was dismissed by the said court. In disposing of the case, the Supreme Court of the United States said:

We are of opinion that the claim here in suit—although by reason of its character "cognizable by the court of claims"—cannot properly be made the basis of a judgment in that court. As the United States are not liable to be sued, except with their consent, it was competent for Congress to limit their liability, in that respect, to specified causes of action, *brought within a prescribed period*. Nichols *v.* U. S., 74 U. S. 7 Wall. 126 (19–127). It appears from the finding of facts that more than ten years had expired after the claim first accrued before it was presented to the proper department for settlement; and more than six years after the passage of the Act of 1868 * * * which authorized the head of an executive department to transmit to the court of claims, for adjudication, any claim which involved disputed facts or controverted questions of law, or the decision of which would affect a class of cases, or furnish a precedent for future action. Consequently, *in any view, this claim belonged to the class which*, under the express words of the Act of 1863 * * * were "*forever barred*", so far, at least, as the claimant had the right to a judgment in that court against the United States. *The duty of the court*, under such circumstances, whether limitation was pleaded or not, *was to dismiss the petition; for the statute*, in our opinion, *makes it a condition or qualification of the right to a judgment against the United States that * * * the claim must be put in suit by the voluntary action* of the claimant, *or be presented to the proper department for settlement, within six years after suit could be commenced thereon against the Government*. [Italics ours.]

Counsel for the Government quite properly contends in his brief that the right to bring this petition against the Government is a privilege, and that a statute whereby the Government permits itself to be sued must be strictly construed. In support of such contention the following is quoted from the case of *Louisiana* v. *McAdoo*, 234 U. S. 627:

No principle is better established than that the United States may not be sued in the courts of this country without its consent.

Likewise in support of said contention, counsel quotes the following from the case of *Blackfeather* v. *United States*, 190 U. S. 368:

As these statutes extend the jurisdiction of the Court of Claims and permit the Government to be sued for causes of action therein referred to, the grant of jurisdiction must be shown clearly to cover the case before us, and if it do not, it will not be implied. Statutes of this nature extending the right to sue the Government will generally be strictly construed.

To the same effect is the holding in the case of *Swan* v. *United States*, 190 U. S. 143, from which we quote the following:

* * * Being a governmental grant of a privilege or benefit it is to be construed in favor of the government and against the party claiming the grant. Where the burden is placed upon a citizen, if there be a doubt as to the extent of the burden it is resolved in favor of the citizen, but where a privilege is granted any doubt is resolved in favor of the government.

Again, in the case of *Hannibal* v. *Missouri River Packet Co.*, 125 U. S. 260, the Supreme Court of the United States said:

But if there be any doubt as to the proper construction of this statute, (and we think there is none,) then that construction must be adopted which is most advantageous to the interests of the government. The statute being a grant of a privilege, must be construed most strongly in favor of the grantor.

On the facts and the law, we hold that this court is without jurisdiction to hear and determine this case on its merits, and it is therefore our duty to dismiss the petition.

Our conclusion herein also finds support in the case of *Ex parte McCardle*, 7 Wall. 506, 19 L. Ed. 264, wherein Mr. Chief Justice Chase declared:

It is quite clear, therefore, that this court cannot proceed to pronounce judgment in this case, for it has no longer jurisdiction of the appeal; and judicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which the Constitution and the laws confer.

This petition is therefore dismissed. Judgment will be rendered accordingly.