Before the First Division, June 28, 1940

No. 44043.—Protest 966756–G of Canada Dry Ginger Ale, Inc. (New York).

Tilson, Judge: The pertinent part of the original protest reads as follows:

*New York, May 2, 1938.*

Collector of Customs,

Sir—Protest is hereby made against your decision assessing duty at ⅓¢ per lb. or ½¢ per lb. under pars. 810 and 217 or other rate or rates, on Bottles, bottles with whiskey, and sim. mdse covered by entries named below. The reasons for objections, under the Tariff Act of 1930, are that said merchandise is not properly subject to duty. Said merchandise is free of duty and taxes, as usual containers of merchandise subject to the specific rates of duty. Said merchandise is not fit or permitted to be used as containers. Note H. R. Resolution 370, Public Resolutions 40, 73rd Congress, approved 6/18/34 and Regulation 13 approved by the Secretary of the Treasury.

The protest as above set out was received by the collector of customs at New York on May 3, 1938. On January 23, 1939, was filed:

Now come Siegel & Mandell, Attorneys for the above named and move the Court for an order directing that said protest be amended as follows: That with respect to entry B. 21035, it is further claimed that an allowance should be made for outage in accordance with the requirements of Article 815, Customs Regulations of 1937 and par. 813 of the Tariff Act of 1930. An affidavit as to outage was duly filed with the Collector of Customs under date of 1/31/36. An allowance should be made of all taxes and duties assessed on the merchandise contained in the bottles which were broken with a result in the loss of the contents.

According to the official record before us, on February 6, 1939, the above motion to amend was granted, without any objection being registered. Thereafter, on March 6, 1939, there was admitted in evidence an inspector's report dated March 2, 1936, together with an affidavit forwarded by the collector, dated January 30, 1936. This report and affidavit purport to show a shortage or outage of the liquor imported in the bottles, concerning the classification of which bottles only the original protest was filed.

Attention is called to the fact that the original protest was directed exclusively against the action of the collector in assessing duty at ⅓¢ per lb. or ½¢ per lb. under paragraphs 810 and 217 on bottles, bottles with whisky, and similar merchandise. The only objection made in the original protest was as to the action of the collector concerning bottles and similar merchandise. Although frequently intimately associated, no argument is required to show that bottles are not similar to whisky. In the first place the complaint in the original protest as to similar merchandise cannot be construed to refer to the action of the collector regarding the whisky, and in the second place the collector did not assess duty on any of the whisky at ⅓ cent per pound or ½ cent per pound under paragraphs 810 and 217.

In dealing with the question of amendment of suits before this court, our appellate court in *Marshall Field* v. *United States*, 20 C. C. P. A. 225, T. D. 46037, said in part:

These cases held, in general, that a motion to amend a protest by the inclusion of goods not originally involved will not be allowed after the statute has run, it being assumed that by the running of the statute the importer's claims are barred as to those goods.

*  *  *  *  *  *  *

Indeed, it may be a serious question whether jurisdiction would have been conferred upon the trial court had the amendment been allowed. *Akeroyd & Son* v. *United States*, 19 C. C. P. A. (Customs) 249, T. D. 45341. There was no error in the refusal of the trial court to grant this motion.

In the case of *United States* v. *Macksoud*, 25 C. C. P. A. 44, T. D. 49041, the appellate court specifically limited amendments to such as did not enlarge the protest by including or covering merchandise as to which no objection had been made in the original protest. It should be pointed out in passing that section 514 of the Tariff Act of 1930 provides only for the filing of protests against "decisions of the collector", and at no place in said section is authority granted to file protests against merchandise.

Any argument that might be advanced that this court now has jurisdiction because it granted the amendment on February 6, 1939, is disposed of in the cases of *Finn* v. *United States*, 123 U. S. 227; *Nichols* v. *United States*, 7 Wall. 122; *United States* v. *Porche*, 53 U. S. 426, and *Mansfield* v. *Swan*, 111 U. S. 379.

On the facts before us, and following the authorities hereinbefore cited, we hold that this court has at no time since this case reached the court had authority and jurisdiction to grant the proposed amendment in this case, and that its attempt to grant the said amendment on March 6, 1939, was a nullity. The motion to amend is hereby denied, and, there being no evidence before us to support any of the claims made in the original protest, the same are hereby all overruled. Judgment will be rendered accordingly.