**CARVALHO et al. v. DOE et al.**

Civ. No. 677.

District Court, Hawaii.

Sept. 9, 1947.

Samuel Landau, of Honolulu, T. H., for plaintiffs.

Smith, Wild, Beebe & Cades, of Honolulu, T. H., for defendants.

McLAUGHLIN, District Judge.

The plaintiff on November 15, 1945, filed this action under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201 et seq., 216, in his own behalf and in behalf of unnamed others similarly situated. Not until May 28, 1947, did the plaintiff obtain service upon a partner of the defendant organization.

By this motion filed August 27, 1947, approximately 301 persons seek to intervene in the action and to be named as party plaintiffs.

To the granting of the motion the defendant organization objects upon the basis of Section 7 of the Portal-to-Portal Pay Act of 1947, 29 U.S.C.A. § 256. In brief, the position of the defendant organization is that because of the long time which elapsed between the date upon which the case was filed and the date when service was made this is really a case which was commenced after the passage of the Portal-to-Portal Pay Act, May 14, 1947, and hence Section 7 of that Act is applicable and the intervenors must file written consents and become plaintiffs as of the date of their motion.

Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendant recognizes provides that an action is commenced when the complaint is filed. But relying upon the cases which point out that this is so only if there is no culpable unreasonable delay in making service of process, the defendant argues that here there has been over a two-year delay in effecting service and that that is an unreasonable time for which the plaintiff is responsible and which due diligence would have prevented. See United States v. Spreckels, D.C.N.D.Cal., S.D.1943, 50 F.Supp. 789.

Without more that would certainly appear to be so. But the facts from the plaintiff's standpoint are that:

a. In November 1945 the United States Marshal could find no one of the partners of the defendant organization within the jurisdiction, nor any other person authorized by the defendant organization to ac-

cept service. The partnership had its main office in Washington, D. C., and was engaged in the Territory in executing certain Government contracts upon Government reservations.· The partnership otherwise did not do business in the Territory. None of the partners were domiciled in the Territory. The Marshal in November 1945 was advised by some one in one of the two local offices of the defendant organization that there was no one in the Territory upon whom he could make service. The plaintiff's attorney in 1945 was also so advised, and was refused by the defendant's local offices information as to the names of partners and whether any of them were or would later be in the Territory. In 1947 by reason of facts coming to light in another case, plaintiff's attorney learned of the presence in the Territory of one of the partners, a Mrs. Shelton; he so advised the Marshal, who made service upon her.

b. From the standpoint of the defendant organization the 'facts are that there was since the filing of the complaint a partner of the defendant organization—though not always the same one—in the Territory during 13 months of the interval of time here involved, and that no attempt to avoid service was made by any one of the three of them.

It does seem that on the one hand the plaintiff might have done more to ascertain the names of the partners from Washington, D. C., for there the partnership was presumably registered as doing business, and upon the other hand it seems that a foreign partnership not doing business locally but actually here and engaged in work upon Government reservations employing hundreds of local people had a duty to disclose upon proper inquiry the names of the partners. This latter statement is made with full knowledge of the fact that a defendant is under no obligation to aid in having service of process made upon him, but is based, on the contrary, upon the belief that an employee has a right to know for whom he is working. While partners were in the jurisdiction by failure of its local agents to disclose their names to plaintiff's attorney and to the Marshal the defendant organization tended to make a game out of the plaintiff's attempt to obtain legal redress for alleged wrongs committed by the defendant organization. It thus seems to me the issue of due diligence upon the facts remains in balance.

In any event, I am disposed to and do hold that Rule 3 of the Federal Rules of Civil Procedure means what it says in the absence of a clearer showing of lack of due diligence by the plaintiff. Indeed, the facts reveal that promptly after the identity of a partner was known to the plaintiff, he transmitted the information to the Marshal, who at once made a proper service upon a partner then in the jurisdiction. See Fleming v. Weisberg, D.C.E.D.N.Y.1947, 7 F.R. D. 47; 1 Moore's Federal Practice, Section 3.06, and cases there cited.

In view of the Court's adherence to Rule 3's provisions upon these facts, this action began when the complaint was filed, November 15, 1945, and therefore it was commenced before the Portal-to-Portal Act of 1947 and Section 7 thereof is inapplicable.

And further, since this motion to intervene and be named plaintiffs has been made and acted upon before the expiration of the 120-day provision of Section 8 of the Portal-to-Portal Act of 1947, 29 U.S. C.A. § 257, that section is also inapplicable.

Accordingly, the motion is granted without prejudice to the rights of either party to raise at a future date such other questions of law as may arise.