## MESSENGER v. UNITED STATES et al.
### Civ. No. 9582.

United States District Court
E. D. New York.
July 28, 1953.

Jacob Rassner, New York City, for plaintiff, Herman N. Rabson, New York City, of counsel.

Leonard P. Moore, U. S. Atty., New York City, for United States, Walter L. Hopkins, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendant, United States of America, moved for a dismissal of the complaint upon

the ground of failure to obtain jurisdiction of the defendant by service of process as prescribed by Rule 4(d)(4) of the Federal Rules of Civil Procedure, 28 U.S.C.A. and that the action was not commenced within the two year period of limitation under the Tort Claims Act, 28 U.S.C.A. § 2401.

The complaint was filed in the Office of the Clerk of this Court on December 22, 1948 and a copy of the summons and complaint were served on the United States Attorney on December 23, 1948. The two year period of the Tort Claims Act statute of limitations expired in May of 1950, the alleged negligence having occurred in May of 1948. More than four years have elapsed since the filing of the complaint, but the summons and complaint have not been sent by registered mail to the Attorney General of the United States at Washington, D. C., pursuant to one of the requirements mentioned in the said rule. The question presented to this Court is whether the failure to make such service upon the Attorney General is a jurisdictional defect.

The said rule, in substance, provides that service upon the United States shall be effected as follows:

1. By delivering a copy of the summons and complaint to the United States Attorney for the district *and*

2. By sending a copy of the summons and complaint by registered mail to the Attorney General of the United States at Washington, D. C.

In the case of Bates Manufacturing Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020, it was held that the filing of the complaint tolled the statute of limitations and began the action even though complete service was not effected until four days after the statute had run. It appears therein that both of the requirements for effecting service were completed only four days after the statute had run. It was held that the action had been duly commenced against the United States. The Court paraphrasing the Tucker Act, 303 U.S. at pages 568, 569, 58 S.Ct. at page 695, said:

"Section 6 requires that 'the plaintiff * * * cause a copy of his peti-

tion * * * to be served upon the district attorney, * * * *and* * * * mail a copy * * * to the Attorney General' "

In Moore's Federal Practice, 2nd Ed., Vol. 2, p. 742 the following statement is contained:

"The procedure prescribed in the Tucker Act, 28 U.S.C. §§ 762, 763, has been superseded by Federal Rules 3 and 4(d)4, which, however, substantially incorporate the statutory provisions." See, also, pages 739–743.

In the Bates case, supra, involving a statute of limitations, the Court, 303 U.S. at page 572, 58 S.Ct. at page 696 said:

"Notice was mailed the Attorney General and the District Attorney was promptly served—both within four days after the verified petition was filed. Under these circumstances, we do not consider what would be the effect of lack of diligence in obtaining service.[11]"

Thus, the statute had been tolled because both implicitly jurisdictional requirements were met. Footnote 11, cited in the aforesaid quotation refers to the case of Linn & Lane Timber Co. v. United States, 236 U.S. 574, 578, 35 S.Ct. 440, 59 L.Ed. 725, wherein the filing of the bill interrupted the statute and service was not effected until after it had run. In that case there was a concealment in an attempt to avoid the statute of limitations and, above all, due diligence was shown in attempting prompt service. See also Munro v. United States, 303 U. S. 36, 58 S.Ct. 421, 82 L.Ed. 633.

In the case at Bar, there is no showing of diligence in attempting to complete service upon the Attorney General, one of the jurisdictional requirements.

■ Thus the filing of the complaint would toll the statute under Rule 3 of the Federal Rules if the other requirements were diligently effected. It is clear from analysis of the rule and analogous cases that completion of the service upon the United States Attorney does not satisfy the requirement with respect to serving the Attorney General. In the analogous Suits

in Admiralty Act, 46 U.S.C.A. §§ 742, 743, the Court of Appeals for the Second Circuit in Schnell v. United States, 166 F.2d 479 interpreted an almost identical provision to mean that where notice to the United States Attorney and Attorney General were required for an election to proceed in rem, service on the Attorney General could not be dispensed with as a mere formality simply because the United States Attorney had notice. The Court said, 166 F.2d at page 482:

"It can hardly be doubted that had the libellants served a copy of the libel on the United States attorney but failed to mail one to the Attorney General, the statutory conditions for suing the United States would not have been satisfied."

With respect to the tolling of the statute of limitations, we cannot fail to come to the conclusion reached in the case of United States v. Spreckels, D.C., 50 F.Supp. 789, 791:

"It would seem that a delay of four years and ten months in serving a defendant who was during that period available for service at all times is unreasonable on its face. The suit can not therefore be deemed to have been commenced as to the bank as of the date of its filing."

A correct and fair statement of the rule as to the statute of limitations is stated in the case of Carvalho v. Doe, D.C., 7 F.R.D. 469:

"Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendant recognizes provides that an action is commenced when the complaint is filed. But relying upon the cases which point out that this is so only if there is no culpable unreasonable delay in making service of process, the defendant argues that here there has been over a two-year delay in effecting service and that that is an unreasonable time for which the plaintiff is responsible and which due diligence would have prevented. See Unit-

ed States v. Spreckels, D.C.N.D.Cal., S. D.1943, 50 F.Supp. 789.

"Without more that would certainly appear to be so."

Thus, if the law is that the statute of limitations is tolled and the action commenced when the complaint is filed, provided that service is diligently effected, then the statement in the case of United States v. Bodine, 3 Cir., 102 F.2d 371 with respect to notifying the Attorney General seems consistent with present law. The Court said, 102 F.2d at page 371 citing Munro v. United States, supra:

"In that case the Supreme Court held that in order to start a suit under sections 5 and 6 of the Tucker Act, 28 U. S.C.A. §§ 762 and 763, against the United States, the petition or statement of claim must be filed with the Clerk of the District Court, a copy thereof served upon the United States Attorney, and another copy mailed to the Attorney General, within the period of limitation applicable to the type of claim involved."

Although the statement is not entirely true because of the interpretations of the Bates case, supra, which state, that the statute of limitations is tolled when the complaint is filed if service is diligently effected, we feel that where service is not diligently made upon the Attorney General as well as the United States Attorney there is a jurisdictional defect, since it appears that both requirements for effecting service of process stand on an equal plane as indicated in the Bates, Munro and Bodine cases. This is especially so in light of the square jurisdictional holding in United States v. Schnell, supra. Thus the procedure itself should be carefully followed. See Bachman, Emmerich & Co. v. United States, D.C., 21 F.Supp. 682 decided before the Bates and Munro cases which also places both requirements of service on an equal plane.

The sole question remaining is, whether or not the failure of the government to serve an answer in accordance with

518

Rule 12 precludes it from now raising its objection to jurisdiction. We fail to see how it can affect the matter since the Federal Tort Claims Act requires that the suit be commenced within two years or forever be barred, which is the only pertinent question. This is especially so since the United States Attorney cannot waive conditions and limitations imposed by statute. See the case of Finn v. United States, 123 U.S. 227, 233, 8 S.Ct. 82, 31 L.Ed. 128, cited in Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633. Coupled with the rules that jurisdictional questions may be raised even by the Court at any time regardless of timeliness, Hackner v. Guaranty Trust Co. of New York, 2 Cir., 117 F.2d 95, 97, it would seem that the failure to plead jurisdiction in the answer or by earlier motion should make no difference. See Puente v. Spanish National State, 2 Cir., 116 F.2d 43, 45. This is particularly so since such pleading could ignore a jurisdictional question and allow it to be treated by motion later. Union Nat. Bank of Clarksburg, W. Va. v. McDonald, D.C., 36 F.Supp. 46, 47. Where situations arise involving a jurisdictional statute of limitations with respect to the United States as a defendant, the reasoning in Stofey v. United States, D.C., 87 F. Supp. 81, 83, seems sound.

Thus, the omission to commence the action within the jurisdictional time limit coupled with the failure to effect the jurisdictional service, must cause the plaintiff to fail in this action. Accordingly, the motion to dismiss the complaint as against the United States is granted.