### DESPEAUX v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. June 16, 1898.)

No. 43.

LIMITATIONS—FRAUDULENT CONCEALMENT—WHAT CONSTITUTES.
  In an action at law, not based upon fraud or violation of trust, the defendant cannot be deprived of the benefit of the statute of limitations on the ground of fraudulent concealment, upon proof merely of his silence.

Motion to Take Off Nonsuit.

James M. W. Newlin, for plaintiff.
David W. Sellers, for defendant.

DALLAS, Circuit Judge. The asserted cause of action accrued more than six years before this suit was brought. This appears from the plaintiff's statement of claim, which, however, especially avers that, owing to the "fraudulent concealment by the defendant" of the facts out of which his alleged right to recover arose, he was not able to and did not discover them until within two years of the date of this suit. With reference to this averment, this court, in overruling the defendant's demurrer, said: "If the plaintiff proves the fraudulent concealment of facts set out in the statement, the limitation does not, we think, apply." The plaintiff accordingly assumed the burden of proving the fraudulent concealment which he alleged, but he entirely failed to adduce any evidence upon which the jury would have been warranted in finding its existence. The only testimony which he offered upon the point was that of the plaintiff's business agent and attorney in fact. That witness, however, testified that during the years 1881, 1882, and 1883, when the discriminations in transportation charges complained of were alleged to have been made by the defendant against the plaintiff, he (the witness) did not have any conversation with any agent of the defendant company upon the subject. Only upon one occasion, late in 1885 or early in 1886, did he have any conversation about rates with any person representing the defendant company; and the correctness or incorrectness of the information then given him is wholly immaterial. Even if what he was then told was absolutely false, it did not amount to a fraudulent concealment of anything which had existed or had been done two or three years before. I have carefully read and re-read the whole of the testimony of this witness, and find it impossible to believe from it that he made, or intended to make, any inquiry with reference to the period of time covered by the plaintiff's claim. On the contrary, the substance of all that occurred at the only interview to which he has testified seems to have been this: He said that he had been told that other persons were then obtaining lower rates than himself, and he asked that the same rates should be accorded to him, and was told, in reply, that the plaintiff was charged no more than others. This plainly referred to the time of the interview, and not to a period three years prior thereto. Therefore I thought upon the trial, and I still think, that to have permitted the jury, from such evidence, to

impute to a man, who has since died, the fraudulent concealment of discrimination in rates (if any existed), in the year 1883, would have been wholly unjustifiable.

This is a common-law action, based, not upon fraud or violation of trust, but upon a breach of duty or an implied undertaking. As to such an action the law seems to be well settled, in accordance with the judgment of this court upon the demurrer, that the defendant cannot be deprived of the benefit of the statute except upon proof of actual fraudulent concealment, amounting to something more than mere silence. Armstrong v. Milburn, 54 Law T. (N. S.) 247; Mitchell v. Buffington, 10 Wkly. Notes Cas. 361; Sankey v. McElevey, 104 Pa. St. 265; Rankin v. Woodworth, 3 Pen. & W. 48; Barton v. Dickens, 48 Pa. St. 518; Campbell's Adm'rs v. Boggs, Id. 524; Glenn v. Cuttle, 2 Grant, Cas. 273; Fleming v. Culbert, 46 Pa. St. 498; Funk v. Smith, 66 Pa. St. 27; Owen v. Savings Fund, 97 Pa. St. 47; Binney v. Brown, 116 Pa. St. 169, 9 Atl. 186; Rhines' Adm'rs v. Evans, 66 Pa. St. 192; Morgan v. Tenner, 83 Pa. St. 305. The decision in Bailey v. Glover, 21 Wall. 342, when considered with reference to the facts and circumstances of that case, does not appear to be in conflict with those above cited.

It is not to be inferred from anything that has been said that I am of the opinion that the plaintiff adduced evidence upon which, but for the plea of the statute, he would have been entitled to a submission of the case to the jury. Several additional questions were raised and argued upon the trial, and on the hearing of the present motion, which, in view of the conclusion I have reached respecting the statute of limitations, it is not necessary to discuss. The motion to strike off the judgment of nonsuit is denied.