## UNITED STATES v. LINDHOLM et al.
### No. 7577.

Circuit Court of Appeals, Ninth Circuit.

Nov. 4, 1935.

Peirson M. Hall, U. S. Atty., of Los Angeles, Cal., and Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to Atty. Gen., for the United States.

James H. O'Neill, of Los Angeles, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

Albert L. Lindholm brought suit against the United States in 1932, to recover total disability payments under a policy of war risk insurance, alleging his service in the armed forces of defendant, the perfecting of a policy of insurance, his disability, and refusal of the government to make the payments demanded.

Subsequently the original plaintiff died, and Albert Julian Lindholm, his executor, and one of the present appellees, was substituted as plaintiff by stipulation.

In a second amended complaint, the executor sued on the testator's original cause of action and, in a separate count, joins with Martha May Trostler, the other appellee here, in a suit on the beneficiary provisions of the policy.

The United States filed an answer in the form of a general denial, whereupon the appellees moved for summary judgment under section 437c of the California Code of Civil Procedure, as added by St. 1933, p. 1848, § 27, filing affidavits as required. Upon failure of the defendant to file counter affidavits, the court struck out the answer and gave judgment for appellees. There were no opinion, findings, and conclusions as required by 28 USCA § 764. The United States appeals.

The appeal presents two questions. (1) Are the federal courts in California required by the Conformity Act (28 USCA § 724) to enforce the California Summary Judgment Act (Cal. Code Civ. Proc. § 437c, as added in 1933) in ordinary suits upon a debt or a liquidated demand? (2) If federal courts have such power, are the provisions of the Tucker Act (24 Stat. 505), which controls suits to recover debts or liquidated demands under the World War Veterans' legislation (38 U. S. C. Supp. VII, § 445 [38 USCA § 445]), so inconsistent with the California Summary Judgment Law that judgment under the latter cannot be rendered in such suits?

1. This court does not question the desirability of shortening the procedure in civil suits by the elimination of unnecessary delays caused by answers technically presenting an issue and yet not substantially grounded in the defendant's facts. In view of our answer to the second question above stated, it is unnecessary for us to discuss it, other than point out that similar provisions for summary judgments have been recognized as controlling in federal courts. Fidelity & Deposit Co. v. U. S., 187 U. S. 315, 23 S. Ct. 120, 47 L. Ed. 194; Hoff v. St. Paul-Mercury Indemnity Co. (C. C. A. 2d) 74 F.(2d) 689; Maryland Casualty Co. v. Sparks (C. C. A. 6th) 76 F.(2d) 929, 933.

2. Analysis of the provisions of the respective statutes compels a negative answer to the second question.

The Summary Judgment Act of California (Code of Civ. Proc. § 437c, as

added by Act June 5, 1933, c. 744, p. 1848, § 27) provides in part as follows:

"In superior courts and municipal courts when an answer is filed in an action to recover upon a debt or upon a liquidated demand, * * * if it is claimed that there is no defense to the action, on motion of the plaintiff, after notice of the time and place thereof in writing served on the answering defendant at least ten days before such motion, supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out and judgment may be entered, in the discretion of the court, unless the defendant, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend. A judgment so entered is an appealable judgment as in other cases.

"The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto.

"The affidavit or affidavits in opposition to said motion shall be made by the defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the defendant has a good and substantial defense to the plaintiff's action (or to a portion thereof) upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. When the party resisting the motion appears in a representative capacity, such as a trustee, guardian, executor, administrator, or receiver, then the affidavit in opposition by such representative may be made upon his information and belief."

The pertinent provisions of the Tucker Act, codified in sections 762 and 763 of title 28 of the U. S. Code (28 USCA §§ 762, 763) and made controlling in suits under the World War Veterans' Act by section 19 thereof, are as follows:

"§ 762. *Petition in suit against United States.* The plaintiff in any suit brought under the provisions of section 41, paragraph 20, of this title shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered and praying the court for a judgment or decree upon the facts and law. (Mar. 3, 1887, c. 359, § 5, 24 Stat. 506.)

"§ 763. *Same; service; appearance by district attorney.* The plaintiff shall cause a copy of his petition filed under section 762 of this title, to be served upon the district attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of such service and the mailing of such letter. It shall be the duty of the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the Government in the suit, and within sixty days after the service of petition upon him, unless the time should be extended by order of the court made in the case to file a plea, answer, or demurrer on the part of the Government, and to file a notice of any counterclaim, set-off, claim for damages, or other demand *or defense* whatsoever of the Government in the premises. Should the district attorney neglect or refuse to file the plea, answer, demurrer, or defense, as required, the plaintiff may proceed with the case *under such rules as the court may adopt in the premises;* but the plaintiff shall not have judgment or decree for his claim, or any part thereof, *unless he shall establish the same by proof satisfactory to the court.* (Mar. 3, 1887, c. 359, § 6, 24 Stat. 506.)"

The pertinent provision of the California Code is that, while, upon the defendant's failure to file the defensive affidavits, the judge has discretion to strike out the answer and enter judgment, if the discretion be exercised the judgment

must be based solely on what the court infers from the complaint and affidavits. No discretion is given the judge to make a further or other examination into the facts, either under a court rule or as the judge may desire in the particular case.

Under the Tucker Act (28 USCA § 763), if the district attorney "neglect or refuse to file the plea, answer, demurrer, or *defense,* as required, the plaintiff may proceed with the case *under such rules as the court may adopt in the premises;* but the plaintiff shall not have judgment or decree for his claim, or any part thereof, *unless he shall establish the same by proof satisfactory to the court."*

■ Even apart from the application of the rule requiring an interpretation of statutes waiving the sovereign's immunity from suit strictly in favor of the sovereign (U. S. v. Michel, 282 U. S. 656, 660, 51 S. Ct. 284, 75 L. Ed. 598; Eastern Transp. Co. v. U. S., *272* U. S. 675, 686, 47 S. Ct. 289, 71 L. Ed. 472), here is a clear repugnance between the two acts. Under the state statute the federal judge, after a failure to file the defensive affidavits, finds himself debarred from proceeding with the case under any adopted rules and denied access to any satisfactory proof of the claim other than the affidavits, assuming the affidavits may be regarded as proof of the claim and not a mere preliminary to placing the defendant in default by the absence of the stricken answer.

■ It may be argued that 28 USCA § 763 provides only for the case where the "defense" is an act accompanying the demurrer, plea, or answer which is to be filed within the sixty days, and not to the defensive affidavits to be filed after answer. Such a construction logically would make the provisions of the act ineffective if demurrer were filed at the end of the sixty days and thereafter overruled. Under that interpretation failure to then answer would not invoke the adopted "rule" provision or the "proof satisfactory to the court," but would require a default and judgment on the complaint alone. Such was not the intent of Congress in framing provisions for

suits against the sovereign. The clear intent is that in case of failure of the sovereign's attorney to make any defense "as required," it must be determined upon "proof satisfactory to the court" that the sovereign is obligated on the claim of the plaintiff.

■ Other provisions of the Tucker Act make it clear that it was not the intent of Congress that these claims against the government should be treated in a summary manner. 28 USCA § 763 requires the plaintiff not only to serve a copy of his pleadings upon the district attorney of the United States but also to mail a copy of the same, by registered letter, to the Attorney General of the United States, and thereupon cause to be filed with the clerk of the court where the suit is instituted an affidavit of such service and the mailing of such letter. Deliberation at Washington and between the Attorney General and the district attorney, not summary action, is contemplated. Instead of the usual ten or thirty days within which an attorney in ordinary cases is to appear on behalf of his client, section 763 gives the United States attorney a minimum of sixty days, with the right of procuring extensions from the court. Under the California law the defendant is allowed but ten days where the party served is within the county, and a maximum extension of but thirty days. Code Civ. Proc. §§ 407, 1054.

Even in the absence of the clear repugnance between the two statutes arising from 'the provision for "proof satisfactory to the court" on the failure to make a defense, the application of the rule requiring a strict interpretation of the Tucker Act in favor of the sovereign leads to the conclusion that the Summary Judgment provision of the California Code cannot be applied to suits under the World War Veterans' Act.

Our decision makes it unnecessary to consider other errors assigned. Since the judgment appealed from is based upon proceedings under the California Summary Judgment Law, it must be reversed, and the cause must proceed below as if appellant's answer had been recently filed.

Reversed.