FERNANDO SIERRA BERDECÍA, COMISIONADO DEL TRABAJO DE PUERTO RICO, ETC., demandante y apelante, v. ANDRÉS SAN MIGUEL, demandado y apelado.

Núm. 10059.—*Sometido:* Noviembre 25, 1949. *Resuelto:* Noviembre 29, 1949.

*Ramón Cancio* y *Augusto Palmer,* abogados del Departamento del Trabajo y a su vez del apelante; *Angel Rivera Colón,* abogado del apelado.

El Juez Asociado Señor Snyder emïtió la opinión del tribunal.

Se trata de una querella radicada por el Comisionado del Trabajo en la corte de distrito en representación de un número de obreros contra Andrés San Miguel reclamándole salarios no satisfechos ascendentes a $470.28. El Comisionado ha apelado de una sentencia emitida en favor del querellado.

En febrero, 1946, el querellado celebró un contrato con el Gobierno de Puerto Rico, Programa de Emergencia de Guerra, en virtud del cual debía construir cinco salones escolares. Proveía el contrato que "El jornal mínimo pagado a los obreros será de veinte centavos por cada hora de trabajo. Para los obreros semidiestros el jornal será de veintisiete centavos como mínimo y de treinta y cinco centavos para los diestros." También disponía el contrato que "El Contratista cumplirá y hará cumplir a sus empleados las disposiciones de las leyes vigentes sobre el trabajo", y que "El Ingeniero velará por el cumplimiento de estas leyes, especialmente las que se relacionan con horas de trabajo, salario mínimo y seguro contra accidentes."

El querellado se dedicó a la construcción de estas escuelas desde febrero, 1946, hasta agosto 3, 1946. Se admite que pagó a sus obreros el salario mínimo especificado en el contrato. Sin embargo, el Decreto Mandatorio núm. 11 de la Junta Insular de Salario Mínimo entró en vigor en julio 1, 1946. Los salarios mínimos provistos en el mismo para los obreros querellantes eran más altos que los especificados en el contrato. En su consecuencia, trata de recobrar el querellante la diferencia existente entre los salarios recibidos por los obreros de acuerdo con el contrato durante el período de julio 1, 1946 a agosto 3, 1946, y los salarios provistos en el decreto.

No existe controversia entre las partes en cuanto a los hechos. La única controversia es si el salario mínimo para

el período desde julio 1 a agosto 3, 1946, está gobernado por el contrato o por el decreto. Resolviendo esta cuestión en favor del querellado, la corte de distrito, después de citar los artículos 1206, 1208, 1210, 1233 y 1235 del Código Civil, dijo lo siguiente:

"Para sostener la contención del demandante en este caso tendríamos que concluir que el Decreto Mandatorio Núm. 11, aprobado el 1ro. de julio de 1946, tenía efecto retroactivo y afectaba el contrato celebrado entre las partes el 8 de febrero de 1946; en otras palabras, que el decreto afectaba la santidad del contrato celebrado por el querellado con el Gobierno de Puerto Rico, pero tal interpretación va aún contra el propio propósito e intención del decreto citado, ya que éste en su cláusula Núm. 8 dice que regirá el 1ro. de julio de 1946, habiendo sido aprobado el 31 de mayo de 1946, o sea, dicho decreto es de aplicación prospectiva.

"Entendemos que está bien asumida y fundamentada la posición del querellado y que habiendo pactado el gobierno con anterioridad a la aprobación y vigencia del Decreto Mandatorio Núm. 11 el precio o jornal que debía pagar el querellado a sus obreros, no viene éste compelido a pagar los salarios mínimos fijados en el ameritado decreto."

Es innecesario examinar las contenciones del Comisionado (1) de que el gobierno no pactó con el contratista el jornal que debía pagar a los obreros, ya que el contrato solamente proveía cierto salario mínimo pero no establecía salarios fijos; y (2) que no existe conflicto entre el contrato y el decreto. Asumimos que había un salario fijo establecido en un contrato que era obligatorio para los obreros y que el decreto estaba en conflicto con este contrato. Aún bajo estas circunstancias la corte inferior erró al dictar sentencia en favor del querellado.

██ La Ley Orgánica y la Constitución no se derrotan por sí mismas. El hecho de que el artículo 2 de la Ley Orgánica, Título 48, USC sección 737, prohibe el menoscabo de las obligaciones de contratos no quiere decir que individuos puedan detener indefinidamente por medio de contratos, el ejercicio por el estado de su poder de policía. Si así

fuera, el arrendatario de una casa de lenocinio o de una cantina podría invocar con éxito la cláusula sobre contratos en contra de legislación posterior prohibiendo tales actividades. Y un vendedor podría establecer por contratos el precio de mercancías y luego hacer caso omiso de futuros estatutos válidos fijando precios. Véase *Mercado* v. *Brannan,* 173 F. 2d 554 (C.C.A. 1, 1949). En igual forma, no es posible sostener que horas y salarios inadecuados no puedan ser corregidos por el estado porque los patronos hayan tratado de protegerse contra tal legislación mediante el otorgamiento de contratos con los obreros, fijando las horas y salarios para el trabajo. Tales contratos deben someterse al válido ejercicio del estado de su poder de policía. De otro modo, se frustraría el poder de policía antes de que el estado hubiera intentado ejercitarlo.

■ Los contratos privados de empleo, ya sean por períodos cortos o largos, están sujetos y subordinados al poder de policía. En su consecuencia, el estado no necesita esperar que expiren los contratos que fijan horas y salarios inadecuados. Puede disponer válidamente que las leyes sobre salario mínimo entrarán en vigor inmediatamente. Bajo tal legislación los contratos de empleo ya existentes necesariamente quedan suplantados por efecto de ley en tanto en cuanto éstos están en conflicto con legislación sobre salario mínimo, que a otro respecto es válida bajo el poder de policía. Ninguna regla está más arraigada en nuestro derecho constitucional que esta doctrina. *West Coast Hotel Co.* v. *Parrish,* 300 U. S. 379; *United States* v. *Darby,* 312 U. S. 100, 125; *Home Bldg. & L. Assn.* v. *Blaisdell,* 290 U. S. 398, 434-38, y casos citados; Rottschaefer *on Constitutional Law,* págs. 570-2, 596; *Luce & Co.* v. *Junta Salario Mínimo,* 62 D.P.R. 452; *American R. R. Co.* v. *Junta Salario Mínimo,* 68 D.P.R. 796; *Irizarry* v. *Rivera Martínez,* 56 D.P.R. 519.

■ Además, el Congreso, actuando con excesiva cautela, expresamente proveyó para esta situación. Luego de dispo-

ner en el artículo 2 de la Carta Orgánica contra el menoscabo de las obligaciones en los contratos, redactó el inciso 10 del artículo 2, que prescribe como sigue: "Nada de lo contenido en esta Ley será interpretado en el sentido de limitar la facultad de la Asamblea Legislativa para decretar leyes para la protección de la vida, salud y seguridad de empleados y obreros." Esto, sin más, hace válida la aplicación de un decreto sobre salario mínimo no empece la existencia de un contrato en conflicto.

Es importante indicar que el Decreto Mandatorio núm. 11 está dirigido a todos los patronos en la industria de construcciones y no únicamente a los patronos que se dedican a obras públicas. Si éste fuere el caso, tendríamos un problema diferente. Pero toda vez que el decreto aquí envuelto era uno general aplicable a todos los contratistas, ya se dedicaren éstos a obras públicas o privadas, indudablemente esto constituyó un válido ejercicio del poder de policía en cuanto se aplicaba al trabajo realizado en el proyecto aquí envuelto después de empezar a regir el decreto.

Nuestro lenguaje en *Luce & Co.* v. *Junta de Salario Mínimo,* supra, págs. 470–71, envolvía una cuestión enteramente diferente. En él indicamos que si se aprobaba legislación disponiendo un aumento retroactivo en los salarios, luego de haberse consumado un contrato de servicios, esto sería en violación de la cláusula del debido procedimiento de ley. Pero aquí no hubo intento alguno de aplicar el decreto a trabajo ya realizado; sólo se aplicó a trabajo realizado después de empezar a regir el decreto.

*La sentencia de la corte de distrito será revocada y se dictará una nueva ordenándole al querellado que pague a los obreros las cantidades contenidas en la demanda, que hacen un total de $470.28, más "una cantidad igual a la que se le haya dejado de satisfacer, por concepto de penalidad adicional", según lo dispone la sección 25 de la Ley núm. 8, Leyes de Puerto Rico, 1941, según fué enmendada por la Ley núm. 451, Leyes de Puerto Rico, 1947.*