ZOILO MÉNDEZ RÍOS, Plaintiff and Appellee, v. JORGE J. JIMÉNEZ, COMMISSIONER OF THE INTERIOR, ET AL., Defendants and Appellants.

No. 10274. Argued January 19, 1951.—Decided March 30, 1951.

---

316

*Víctor Gutiérrez Franqui, Attorney General (Vicente Géigel Polanco, former Attorney General, on the brief), and Carlos J. Faure, for appellants. Rafael Arjona Siaca and A. Figueroa Rivera for appellee.*

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

On or about January 16, 1946, Zoilo Méndez Ríos entered into a contract with the People of Puerto Rico for the construction of a road in the Pasto Ward of the Municipality of Guayanilla for the sum of $88,926.60. It was expressly agreed that the contractor would pay a minimum wage of 20, 25, and 30 cents per hour to the unskilled, semi-skilled, and skilled workers, respectively, he used on the job. And to guarantee the fulfillment of the contract, Méndez Ríos furnished a bond in favor of the People of Puerto Rico in the

amount of $44,463.30. After Méndez had begun the job and had spent a considerable sum thereon, the Minimum Wage Board of Puerto Rico issued a Mandatory Decree which went into effect on July 1, 1946. This Decree increased minimum wages for the aforesaid occupations to the extent that the difference between the salaries that the contractor would have paid had said Decree not been approved, and those he had to pay in order to comply therewith amounted to $24,879.36, which sum, added to the corresponding increase in the Workmen's Compensation Policy, which amounted to $895.66, made up a total loss of $25,775.02. In order to avoid criminal prosecution for failure to pay the salary fixed by the aforesaid Decree and having to answer civilly with the bond he had furnished for the fulfillment of the contract, the contractor was obliged to complete the job despite the said loss which was inevitably incurred.

In order to be able to sue the People of Puerto Rico for the said loss, he took steps to obtain and did obtain from the Legislative Assembly the enactment of Act No. 96 of May 6, 1948, which took effect immediately after its approval.

By authority of the said Act, the contractor, on June 8, 1948, filed a complaint against the Commissioner of the Interior, the Treasurer, and the Auditor of Puerto Rico claiming $25,775.02, without accompanying it with the bond required by Act No. 76 of April 13, 1916, as amended by Act No. 11 of April 18, 1928. Dismissal having been requested because of the failure to file the required bond, the plaintiff filed an amended complaint on August 18, 1949, together with a bond in favor of the People of Puerto Rico in the amount required by the Act with retroactive effect to June 8, 1948, the date he filed the original complaint. Once more the defendants moved for dismissal for lack of jurisdiction, alleging that furnishing the bond was a condition precedent to the filing of the original complaint and that since the bond had not been furnished at that time, the court lacked jurisdiction to entertain the action. The defendants also prayed for dis-

missal of the complaint on the ground that it did not state facts constituting a cause of action. Both questions were decided against the defendants and the bond was accepted. The defendants filed their answer and went to trial. A judgment on the merits in the amount of $24,596.33 was entered in favor of the plaintiff.

On appeal the defendants assign as errors: (1) that the lower court refused to dismiss the complaint on the ground that it did not state facts constituting a cause of action; (2) that it did not dismiss the complaint for lack of jurisdiction inasmuch as the bond was not filed together with the original complaint.

The lower court, relying principally on the provisions of the title of Act No. 96, declared that the Legislature had admitted the liability of the People of Puerto Rico.

 It seems advisable to begin the discussion of this error by indicating first that the mere fact that the Legislature authorizes the filing of a suit against the People of Puerto Rico does not mean that the sovereign admits liability by virtue of said Act. By virtue of such an Act the sovereign merely waives the privilege not to be sued without its consent. Once the privilege is waived, the claimant has the burden to prove his case by the preponderance of the evidence. *Campis* v. *People*, 67 P.R.R. 366, 369; *Campbell Bldg. Co.* v. *State Road Commission*, 70 P. 2d 857 (1937); Annotation, 42 A.L.R. 1492. With this premise in mind, we examine the said Act which reads as follows:

"To authorize and consent to the filing and prosecution of a civil action in the courts of Puerto Rico against the Department of the Interior of Puerto Rico as well as against the Auditor and the Treasurer of Puerto Rico in order that the contractor Zoilo Méndez Ríos may claim the sum of twenty-five thousand seven hundred and seventy-five dollars and two cents ($25,775.02) which represents the additional payment of wages, salaries and workmen's compensation insurance premium made by said contractor in excess of the minimum wages stipulated in the contract for construction of the 'Camino Pasto' in Guayanilla,

Puerto Rico, because of the increase made by Mandatory Decree of the Minimum Wage Board of Puerto Rico fixing salaries for the construction industry on and after July 1, 1946: to appropriate funds from which to pay the amount of any favorable decision entered, and for other purposes.

"*Be it enacted by the Legislature of Puerto Rico:*

"Section 1.—Contractor Zoilo Méndez Ríos is hereby authorized to sue The People of Puerto Rico, the Auditor and the Treasurer of Puerto Rico in the courts of the Island, through the Department of the Interior, to collect the alleged sum of twenty-five thousand seven hundred and seventy-five dollars and two cents ($25,775.02) which he claims under contract for the construction of the 'Camino Pasto' of Guayanilla, Puerto Rico.

"Section 2.—All laws or parts of laws in conflict herewith are hereby repealed.

"Section 3.—This Act, being of an urgent and necessary character, shall take effect immediately after its approval."

Neither from the title nor from the body of the Act, construed rather than strictly, as held by the decisions—*Byran* v. *United States*, 99 F. 2d 549 (C. A. 10, 1938)—with liberality, may it be rationally inferred that the Legislative intent in approving the Act was to admit liability of the People of Puerto Rico and to commit to the court only determination of the exact amount of the debt. The Act in question merely authorizes Zoilo Méndez to sue the People of Puerto Rico for the "alleged sum of $25,775.02 which he claims, etc." It is in the title, but not in the Act, that it purports to appropriate funds to pay the amount of any judgment *that may be entered* in favor of Zoilo Méndez. And we have seen that the mere waiver of immunity from suit does not create a cause of action, formerly nonexistent, against the sovereign. Hence we shall now decide whether because of the fact that the Minimum Wage Board approved the aforesaid Mandatory Decree, the People of Puerto Rico assumed the obligation to make good the loss incurred by the contractor under said Decree. When the Minimum Wage Board in the exercise of the authority delegated to it by the Legislative Assembly improved the living conditions and in-

creased the minimum wages of laborers engaged both in public as well as in private work, it merely exercised the police power of the State, taking reasonable and necessary measures to protect the health and general welfare of said laborers. That is a power of the State which can not be impaired in any way, not even by the contract clauses. *Sierra, Commissioner* v. *San Miguel,* 70 P.R.R. 573; *Atlantic Coast Line* v. *Goldsboro,* 232 U. S. 548 (1948); Corwin, The Constitution and What it Means Today, (1948 ed.) 78–79. Consequently, since that is a risk faced by every contractor, the plaintiff, upon executing his contract with the People of Puerto Rico, could well have taken pertinent precautions to protect himself against that contingency, stipulating that any wage increase which he was obliged to make under any law should be reimbursed to him by the People of Puerto Rico. The plaintiff, therefore, has no cause of action against the defendant.

In view of the conclusion we have reached in considering the first error assigned, it is unnecessary to discuss the second, for since the plaintiff has no cause of action against the defendant, in the hypothesis that the court *a quo* lacked jurisdiction due to the failure to file the bond in time, the result would be the same: the judgment would have to be reversed.

For the above-stated reasons, the judgment will be reversed and the complaint dismissed.

Mr. Justice Snyder did not participate herein.