ZOILO MÉNDEZ RÍOS, demandante y apelado, *v.* JORGE J. JIMÉNEZ, COMISIONADO DE LO INTERIOR, ETC., demandados y apelantes.

Núm. 10274.—*Sometido:* Enero 19, 1951. *Resuelto:* Marzo 30, 1951.

*Hon. Procurador General Víctor Gutiérrez Franqui* (*Vicente Géigel Polanco, Ex Procurador General,* en el alegato) y *Carlos J. Faure,* abogados de los apelantes; *Rafael Arjona Siaca* y *A. Figueroa Rivera,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Allá para el 16 de enero de 1946, Zoilo Méndez Ríos celebró un contrato con El Pueblo de Puerto Rico para la construcción de un camino en el barrio Pasto del Municipio de Guayanilla, por la suma de $88,926.60. Fué expresamente pactado que el contratista pagaría a los trabajadores que uti-

lizara en la obra un salario mínimo de 20¢, 25¢ y 30¢ por hora a los trabajadores no especializados, semi-especializados y especializados respectivamente. Y para garantizar el fiel cumplimiento del contrato, prestó Méndez Ríos una fianza a favor de El Pueblo de Puerto Rico por la cantidad de $44,463.30. Empezada la obra y habiendo gastado Méndez una cantidad considerable en la prosecución de la misma, la Junta de Salario Mínimo de Puerto Rico aprobó un Decreto Mandatorio que entró en vigor el primero de julio de 1946, aumentando el salario mínimo de las clases de trabajadores antes mencionadas a tal extremo, que la diferencia entre los salarios que hubiera pagado el contratista en caso de no haberse aprobado dicho Decreto y los que tuvo que pagar en cumplimiento del mismo, montó a la suma de $24,879.36, cantidad que sumada al aumento correspondiente en la Póliza de Seguro de Trabajo, el cual ascendió a $895.66, determinó la pérdida total de $25,775.02. En evitación de ser perseguido criminalmente si no pagaba el salario fijado por el referido Decreto y de responder civilmente con la fianza que había prestado para el fiel cumplimiento del contrato, el contratista se vió obligado a llevar a cabo las obras no obstante la referida pérdida que indefectiblemente habría de tener.

Para poder demandar a El Pueblo de Puerto Rico en reclamación de dicha pérdida, gestionó y obtuvo de la Asamblea Legislativa la aprobación de la Ley núm. 96 de 6 de mayo de 1948 ((1) pág. 219), que entró en vigor inmediatamente después de su aprobación.

Autorizado por la citada Ley, el contratista, con fecha 8 de junio de 1948, radicó una demanda contra el Comisionado de lo Interior, el Tesorero y el Auditor de Puerto Rico, reclamando la cantidad de $25,775.02 por el concepto indicado. Al radicar la demanda, no la acompañó de la fianza exigida por la Ley núm. 76 de 13 de abril de 1916 (pág. 155), según fué enmendada por la Ley núm. 11 de 18 de abril de 1928 (pág. 131). Solicitada su desestimación por faltar el requi-

sito de la fianza, el demandante radicó una demanda enmendada con fecha 18 de agosto de 1949, acompañando entonces una fianza a favor de El Pueblo de Puerto Rico por la cantidad exigida por la ley y con efecto retroactivo al 8 de junio de 1948 en que radicó la demanda original. Nuevamente los demandados pidieron su desestimación por falta de jurisdicción, alegando que la prestación de la fianza era condición previa a la radicación de la demanda original y no habiéndose prestado la misma en aquella oportunidad, la corte carecía de jurisdicción para conocer del caso. Solicitaron además los demandados que se desestimase la demanda por no aducir hechos constitutivos de causa de acción. Desestimadas ambas cuestiones y aceptada la validez de la fianza, los demandados radicaron su contestación y fueron a juicio, dictándose sentencia en los méritos a favor del demandante por la cantidad de $24,596.33.

En el recurso que contra la sentencia han interpuesto los demandados, señalan como errores: (1) el haber rehusado la corte inferior desestimar la demanda por el fundamento de no aducir hechos constitutivos de causa de acción; y (2) no haberla desestimado por falta de jurisdicción, ya que no se radicó la fianza juntamente con la demanda original.

La corte inferior basándose principalmente en los términos del título de la Ley núm. 96 antes mencionada, declaró que la Legislatura había admitido la responsabilidad de El Pueblo de Puerto Rico.

Parece pertinente iniciar la discusión de este error, dejando sentado que el mero hecho de que la Legislatura autorice la radicación de un pleito contra El Pueblo de Puerto Rico no significa que a virtud de dicha ley se admita la responsabilidad legal por parte del soberano. Todo lo que hace el soberano a virtud de tal ley, es renunciar al privilegio que tiene de no ser demandado sin su consentimiento. Renunciado el privilegio, incumbe al reclamante probar su caso por la preponderancia de la evidencia. *Campis* v. *Pueblo*, 67 D.P.R. 393, 396; *Campbell Bldg. Co.* v.

*State Road Commission,* 70 P. 2d 857 (1937); Monografía, 42 A.L.R. 1492. Establecida esta premisa, procede ahora examinar la referida ley, la cual textualmente dice:

"Para autorizar y consentir a la radicación y tramitación de acción civil en los tribunales de justicia insulares de Puerto Rico contra el Departamento del Interior de Puerto Rico así como contra el Auditor y el Tesorero de Puerto Rico para que el contratista Zoilo Méndez Ríos reclame la suma de veinticinco mil setecientos setenta y cinco dólares con dos centavos ($25,775.02) que representa el pago adicional de jornales, salarios y prima de seguro obrero efectuado por dicho contratista en exceso de los jornales mínimos estipulados en el contrato de construcción del 'Camino Pasto' en Guayanilla, Puerto Rico, con motivo del aumento hecho por el decreto mandatorio de la Junta de Salario Mínimo de Puerto Rico fijando salarios para la industria de la construcción a partir de julio 1, 1946; para asignar fondos con los cuales pagar el importe de una sentencia favorable que pudiere recaer, y para otros fines.

*"Decrétase por la Asamblea Legislativa de Puerto Rico:*

"Sección 1.—Por la presente se autoriza al contratista Zoilo Méndez Ríos a demandar a El Pueblo de Puerto Rico, a través del Departamento del Interior, al Auditor y al Tesorero de Puerto Rico, en los tribunales insulares de la Isla, para recobrar la alegada suma de veinticinco mil setecientos setenta y cinco dólares con dos centavos ($25,775.02) que reclama por concepto del contrato para la construcción del 'Camino Pasto' de Guayanilla, Puerto Rico.

"Sección 2.—Toda ley o parte de ley que se oponga a la presente, queda por ésta derogada.

"Sección 3.—Esta Ley, por ser de carácter urgente y necesaria, empezará a regir inmediatamente después de su aprobación."

Ni del título ni del cuerpo de la ley interpretados no ya restrictivamente como sostiene la jurisprudencia—*Bryan v. United States,* 99 F.2d 549 (C.A. 10, 1938)—sino con liberalidad, puede racionalmente inferirse que fué la intención legislativa al aprobar la ley, admitir la responsabilidad legal por parte de El Pueblo de Puerto Rico y confiar a los tribunales de justicia la exacta determinación de la deuda.

La ley en cuestión sólo se limita a autorizar a Zoilo Méndez a demandar a El Pueblo de Puerto Rico por la "alegada suma de $25,775.02 que reclama, etc." y es en el título, pero no en la ley, que pretende asignar fondos para pagar el importe de una sentencia favorable *que pudiera recaer* a favor de Zoilo Méndez por el concepto que en la misma se especifica. Y ya hemos visto que la mera renuncia a la inmunidad contra pleitos, no crea contra el soberano, una causa de acción que antes no existía. Siendo ello así, procede resolver si por el hecho de haberse aprobado por la Junta de Salario Mínimo el decreto mandatorio antes mencionado, El Pueblo de Puerto Rico asumió la obligación de reparar los perjuicios que con motivo de dicho decreto fueron causados al contratista. Cuando la Junta de Salario Mínimo haciendo uso del poder que le delegó la Asamblea Legislativa mejoró las condiciones de vida y aumentó el jornal mínimo de los obreros, que se emplean tanto en las obras públicas como en las privadas, no hizo otra cosa que ejercitar el poder policíaco del estado tomando las medidas razonables necesarias para fomentar la salud y el bienestar general de dichos obreros. Ése es un poder del estado que no puede ser menoscabado en manera alguna, ni aun por las cláusulas relativas a los contratos. *Sierra, Comisionado v. San Miguel*, 70 D.P.R. 604; *Atlantic Coast Line v. Goldsboro*, 232 U. S. 548 (1948); Corwin, *The Constitution and What It Means Today*, (1948 ed.) 78–79. En consecuencia, siendo ése un riesgo a que está expuesto todo contratante, bien pudo el demandante al celebrar su contrato con El Pueblo de Puerto Rico, tomar las precauciones pertinentes para protegerse contra esa contingencia, pactando que cualquier aumento en los jornales que con motivo de una disposición legal se viere obligado a satisfacer, dicho aumento le fuese resarcido por El Pueblo de Puerto Rico. El demandante, pues, no tiene causa de acción contra el demandado.

Dada la conclusión a que llegamos al considerar el primero de los errores señalados, es innecesario discutir el se-

gundo, pues no teniendo el demandante causa de acción contra el demandado, en la hipótesis de que la corte a quo no hubiera tenido jurisdicción por la omisión de radicar oportunamente la fianza, el resultado sería el mismo: habría que revocar la sentencia.

*Procede, por lo expuesto, revocar la sentencia apelada y desestimar la demanda.*

El Juez Asociado Sr. Snyder no intervino.