**Decided May 30, 1986**

FILED

86 MAY 30 P 2: 11

COMMONWEALTH

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

EVELYN F. DAVID and ) CIVIL ACTION NO. 84-500
PHILLIP DAVID, )
)
            Plaintiffs, )
)
    vs. ) SUMMARY JUDGMENT
)
COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS and )
DR. EDMUND GRILEY, )
)
            Defendants. )
)

The motion of the Government for summary judgment was argued and submitted on May 28, 1986. Succinctly put, the motion is based on sovereign immunity. It is asserted that co-defendant Dr. Edmund Griley was an independent contractor at all times pertinent to this litigation and since he was not an employee of the Government, the latter has not waived its

sovereign immunity pursuant to the Government Liability Act, 7 CMC § 2202.[1]

Submitted with the motion are affidavits of the Hospital Administrator for Dr. Torres Hospital and the Personnel Officer of the Government along with a copy of the contract under which Dr. Griley performed services for the hospital. It is from these services out of which plaintiff's injuries allegedly occurred.

The plaintiffs have countered with their affidavits which essentially state that they were not informed that Dr. Griley was an independent contractor and they assumed Dr. Torres Hospital would be responsible for any negligence of Dr. Griley since he was referred to them upon admission to the hospital. Most of the arguments of the plaintiffs center around whether the plaintiffs knew or had reason to know if Dr. Griley was an independent contractor. This argument misses the mark because in sovereign immunity cases, the inquiry must be

---

[1] This section in pertinent part reads:

"The Commonwealth Government shall be liable in tort for damages arising from the negligent acts of employees of the Commonwealth acting within the scope of their office or employment; provided, that:

(a) The Commonwealth and any employees engaged in the performance of services on behalf of the Commonwealth shall not be liable in a suit based on the performance of those services for more than $50,000 in an action for wrongful death and $100,000 in any other tort action.

directed to the extent to which the Government has expressly waived its liability. What is pertinent for the resolution of the Government's motion is whether Dr. Griley was an "employee" of the Government at the time he performed the acts complained of.

The plaintiffs do not dispute the contract under which Dr. Griley performed services for the Government nor do they deny the essential elements of the affidavits of the Hospital Administrator and Personnel Officer.

he starting point for the determination of the Government's motion is the accepted doctrine that the Commonwealth of the Northern Mariana Islands possesses sovereign immunity and is not susceptible to suit unless there is a waiver of that immunity. Employment Consultants, Inc. v O'Connor, CTC Civil Action 84-424.

Consent to sue the Government cannot be implied but must be expressly given. The Government's immunity to suit is not to be diminished by statute unless a clear intention to that effect on the part of the legislature is disclosed.

72 AmJur2d, States, etc., S 121.

The conclusion that there has been a waiver of immunity will not be lightly inferred.

Petty v Tennessee-Missouri Bridge Com., 359 U.S. 275, 79 S.Ct. 785.

588

A statute waiving the Government's immunity from suit for tort or other liability must be strictly construed. U.S. v Lindholm (CA9 Cal), 79 F.2d 784, 103 ALR 213; 79 AmJur2d, States, etc., § 121; 57 AmJur2d Municipal, etc., Tort Liability, § 70.

The Government Liability Act (Public Law 3-51, 7 CMC §§ 2201-2254) became effective March 29, 1983. Prior to that time the provisions of 6 TTC § 251, et seq. were the provisions prescribing the types of suit that could be brought against the Government.

A reading of these latter sections reveals a close adherence to the terms of the United States tort liability sections.[2]

28 USC § 2671 defines an "employee of the government." With the aid of this definition, federal courts have been able to hold the government liable even though the physician treating the plaintiff as under an independent contract or working in his own professional capacity. See, Rosario v American Export-Isbrandtsen Lines, Inc., 395 F.Supp. 1192 (D.C. Penn.); Rufino v United States, 126 F.Supp. 132 (D.C. N.Y.); Dishman v United States, 93 F.Supp. 567 (D.C. Md).

---

2/
6 TTC § 252 is essentially the same as 28 USC § 2680. 6 TTC § 251 is taken from 28 USC § 1346. 6 TTC § 253 follows 28 USC § 2674.

Public Law 3-51 includes no definition to assist the court and thus the ordinary concept and definition of "employee" must be referred to. In this regard the court must follow the Restatement of the Law. 7 CMC § 3401. A review of the guidelines set forth in the Restatement of the Law, Agency 2d, clearly indicates that Dr. Griley was not an employee of the Government but an independent contractor. The Government did not exercise supervision or control over Dr. Griley. All the elements of an independent contractor are evidenced by the contract between Dr. Griley and the Government. The doctor came to Saipan only on certain days and was paid a flat daily fee. Inherent in Dr. Griley's profession is the ability, indeed responsibility, to perform his services according to his own methods. The contract (Part II) provides that Dr. Griley performs examinations, makes diagnoses and prescribes appropriate treatment on his own and without any requirement of consultation with other government personnel. The government did not treat him as an employee. No taxes or social security deductions were taken from his fees. The contract was terminable by either party on 30 days notice. The extent of the government's obligations was to pay the fees and travel expenses of Dr. Griley and to "(p)rovide patients, working space, facilities and personnel to assist (Dr. Griley), as needed and available, at Dr. Torres Hospital."

590

As noted recently in Employment Consultants, Inc. v O'Connor, supra, the enactment of Public Law 3-51 further limited the extent of governmental liability than that allowed in 6 TTC § 251, et seq. This is abundantly clear in this case. Previously 6 TTC § 251(a)(c) provided that actions would lie against the government for personal injuries caused by the negligent act "... of any employee of the Government while acting within the scope of his office or employment, under circumstances where the Government ... if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Thus, it appears that if this was still the law, plaintiffs' arguments about the appearance of Dr. Griley being an employee of the hospital and the assumption of the plaintiffs regarding Dr. Griley would be germane and perhaps crucial to the determination of this matter. See, Restatement, Torts 2d § 429; Arthur v St. Peters Hospital, 405 A.2d 443 (N.J. 1979).

Once the legislature repealed 6 TTC § 251 and enacted Public Law 3-51 which includes no broad definition as found in 28 USC § 2671 and has no provisions which imposes liability on the Government as if it were a private person, the court must necessarily determine the extent of the waiver of liability by the government by strictly construing the terms of the statute, 7 CMC § 2202.

It is held that under the circumstances of this case, Dr. Griley was not an employee for the purposes of imposing liability upon the Government even though his acts were performed at Dr. Torres Hospital and even though the plaintiffs may have reasonably believed him to be a government doctor at the time the alleged negligent acts occurred.

Plaintiffs' complaint is framed in four causes of action. The basis for any and all negligence claims evolve out of the acts and actions of Dr. Griley. Indeed no other individuals are named as defendants. To impose liability upon the government, one or more government employees would have to be charged with negligent acts. None are specified and the general term "defendants" does not prevent the dismissal of all four causes of action against the Government.

IT IS ORDERED that summary judgment be and the same is hereby entered against the plaintiffs and for the Government and the four causes of action against the Commonwealth of the Northern Mariana Islands are hereby dismissed with prejudice. The jury trial will proceed against defendant Griley alone.

Dated at Saipan, CM, this 30th day of May, 1986.

_____
Robert A. Hefner, Chief Judge